UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MISSION TECHNOLOGIES INC., § § *Plaintiff*, § § v. § § STMICROELECTRONICS INC., § § *Defendant*. § § § | Civil Action No. 3:23-CV-0445-X |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant STMicroelectronics Inc.'s ("ST") Motion to Dismiss. (Doc. No. 44). After reading the motion, response, reply, and applicable law, the Court **GRANTS** ST's motion. Accordingly, the Court **DISMISSES WITH PREJUDICE** all claims made in Plaintiff Mission Technologies' complaint.

## I. Factual Background

Plaintiff Mission Technologies Inc. ("Mission Technologies") is an Original Equipment Manufacturer and System Representative Company.[1] Defendant ST engages in the manufacture and sale of semiconductors and modules.[2] Mission Technologies and ST entered into a sales agreement.[3] Under this one-year agreement, Mission Technologies agreed to solicit wholesale orders for ST's

---

[1] Doc. 1-1 at 5.

[2] *Id.*

[3] *Id.* at 6.

1

semiconductors in Iowa, North Dakota, South Dakota, Minnesota, and select counties in Wisconsin.[4] In exchange for soliciting sales, Mission Technologies would receive a commission.[5]

Mission Technologies alleges in its complaint that it performed well under the agreement.[6] Nevertheless, eight months into the agreement, ST sent a letter to Mission Technologies, seeking to terminate the agreement and refusing to pay commissions on orders taking place after the termination.[7] That termination is the basis for the dispute.

Under the agreement's text, the agreement is terminable at will with or without cause so long as the terminating party provides 30-days notice.[8] But under Minnesota law, agreements of this type are not terminable at will.[9] As a result of Minnesota' statutory protection, Mission Technologies filed a five-count suit in Minnesota state court, seeking damages and attorney's fees for ST's alleged breach of contract.[10] ST removed the case to the United States District Court for the District of Minnesota.[11] Upon the granting of a motion, the District of Minnesota transferred

---

[4] *Id.* The agreement lasted from January 1, 2022, through December 31, 2022. *See id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Doc. 12 at 17–20.

[9] *See* MINN. STAT. § 325E.37

[10] Doc. 1-1 at 8–10.

[11] Doc. 1.

the case to this Court.[12] ST motion now files a motion to dismiss, arguing that all five of Mission Technologies's Minnesota-law-based claims fail because Texas, not Minnesota, law applies to this case.[13]

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[15] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[16] A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[17] For purposes of a motion to dismiss, courts must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.[18] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's

---

[12] Doc. 26.

[13] Doc. 44.

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Id.*

[17] *Id.*

[18] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't.*, 479 F.3d 377, 379 (5th Cir. 2007).

rights to relief based upon those facts."[19]

## III. Analysis

The Court analyses ST's motion to dismiss first, which features primarily a choice-of-law analysis.

### A. Motion to Dismiss

ST's motion to dismiss reads more like a choice-of-law motion. For good reason. This is because ST's motion to dismiss contains a multi-layered argument hinging on a single issue: What state law applies to this dispute? At base, all of the claims in Mission Technologies's complaint allege violations of Minnesota state law.[20] Count one is a breach-of-contract claim.[21] Notably, the plaintiffs can succeed on this claim, i.e., a breach occurs., only if state law applies. This is because the parties' underlying contract was terminable at will without cause by either party so long as the terminating party provides a 30-day notice of its intent to terminate.[22] Despite this plainly stated contractual provision allowing either party to terminate the agreement without cause, Minnesota statutory law prohibits unilateral termination of this type of agreement without cause.[23] By contrast, Texas state law allows these types of contracts to be terminable at will. In short, as it pertains to Mission Technologies's breach-of-contract claim, if Minnesota state law applies, ST's motion fails. If Texas

---

[19] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

[20] Doc. 1-1 at 8–11.

[21] *Id.* at 1.

[22] Doc. 12 at 17–20.

[23] *See* MINN. STAT. § 325E.37

state law applies, ST's motion succeeds.

Mission Technologies's remaining four claims likewise hinge on whether Minnesota or Texas law applies. Counts two and three allege that ST violated Minnesota statutory law.[24] Count four alleges that ST has been unjustly enriched from ST's alleged breach of the underlying contract.[25] And finally, in Count five, Mission Technologies requests a declaration from this Court that ST's termination was ineffective, and thus the contract is still valid and enforceable.[26] If Texas law applies, all of those claims fail as a matter of law.

The Court will now address whether Minnesota or Texas law applies.

### B. Texas State Law Applies

The parties dispute whose state law applies. ST argues that Texas state law applies.[27] First, ST notes that the parties' agreement contains a choice-of-law clause.[28] Second, ST argues that neither of Texas law's two exceptions to recognizing a choice-of-law clause applies.[29] Third, ST argues that, although a transferee court (which is this Court) generally applies the substantive state law of a transferor court, the Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court*[30] instructs courts to apply a choice-of-law clause instead of a transferor

---

[24] Doc. 1-1 at 8–9 (citing MINN. STAT. § 325E.37); *Id.* at 9–10 (citing MINN. STAT. § 181.145).

[25] *Id.* at 10.

[26] *Id.* at 10–11.

[27] Doc. 44 at 4–7.

[28] *Id.* at 4.

[29] *Id.* at 4–7.

[30] 571 U.S. 49 (2013).

5

court's state substantive law.[31]

Mission Technologies disagrees.[32] Mission Technologies largely argues that principles of judicial estoppel warrant either (1) applying Minnesota law outright[33] or (2) triggering one of the exceptions under Texas law in applying choice-of-law clause.[34] The Court agrees with ST and will apply the law the parties contractually agreed to apply.

The first issue the Court must determine in its analysis is *whose* choice-of-law principles to use: Minnesota or Texas. This case was transferred to this Court under 28 U.S.C. § 1404(a).[35] Generally speaking, "[w]hen an action has been transferred from another judicial district pursuant to 28 U.S.C. § 1404(a), the choice-of-law rules of the transferor court apply."[36] But when a case transferred under Section 1404(a) contains a choice-of-law provision, the Supreme Court instructs courts to apply the law specified in the choice-of-law provision: "[W]hen a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules."[37]

Here, Mission Technologies was obligated (via the agreement's forum-selection

---

[31] Doc. 44 at 7.

[32] Doc. 46 at 12–25.

[33] *Id.* at 12–16.

[34] *Id.* at 16–25.

[35] Doc. 26 (order transferring case).

[36] *Yelton v. PHI, Inc.*, 669 F.3d 577, 580 (5th Cir. 2012).

[37] *Atl. Marine*, 571 U.S. at 64.

clause) to file in Texas. It didn't. It filed in Minnesota, requiring transfer.[38] Thus, the Court will apply Texas's choice-of-law principles in resolving this dispute. To hold otherwise would, in the Supreme Court's words, "encourage gamesmanship" and allow Section 1404(a) to "create or multiply opportunities for forum shopping."[39]

Now that the Court has determined whose choice-of-law principles applies, the Court will proceed with its analysis under Texas law's choice-of-law principles.[40] "Texas will enforce a choice-of-law clause unless"[41] either:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of applicable law in the absence of an effective choice of law by the parties.[42]

The first exception, no substantial relationship between the parties and the chosen state, does not apply to this case—nor does Mission Technologies argue that it does. Nevertheless, the Court will consider this exception anyway, albeit briefly.

---

[38] Doc. 26 (order transferring case).

[39] *Atl. Marine*, 571 U.S. at 65.

[40] An interesting point: The parties' mutually-agreed-to contract states that Texas law applies "without regard to its conflicts of law provisions." Doc. 12 at 25. Therefore, it's likely that Mission Technologies has contractually waived its argument that one of Texas's exceptions to its choice-of-law principles applies. So the Court's analysis to this point isn't, strictly speaking, necessary. But the Court engages in this analysis out of an abundance of caution.

[41] *W.-S. Life Assurance Co. v. Kaleh*, 879 F.3d 653, 658 (5th Cir. 2018) (citing *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324–25 (Tex. 2014)).

[42] *Exxon Mobil*, 452 S.W.3d at 325.

ST's principal place of business is in Texas.[43] Simply stated, there's a substantial relationship between Texas and ST (a Texas citizen) because "Texas has an interest in the outcome of this case because it concerns a transaction with a Texas resident."[44]

The second exception, materially greater interest, likewise does not apply. Mission Technologies argues that Minnesota has a stronger public policy interest in enforcing its state legislation for transactions occurring in Minnesota involving a Minnesota company than Texas has in enforcing a choice-of-law clause.[45] The Court disagrees. Texas has a "strong public policy [interest] in favor of preserving the freedom of contract," and thus has a strong public policy interest in enforcing contracts as written.[46] Sure, applying the parties' mutually-agreed-to choice-of-law clause will result in an inability for Mission Technologies to pursue its claims and dismissal of this case. But courts applying Texas law have found that Texas's public policy interest in enforcing mutually-agreed-to choice-of-law provisions as written outweigh a foreign state's interest in enforcing its laws, even when application of

---

[43] Doc 1-1 at 5 (state-court complaint).

[44] *Blue Racer Midstream, LLC v. Kelchner, Inc.*, No. 3:16-CV-3296, 2018 WL 993781, at *3 (N.D. Tex. Feb. 21, 2018) (Kinkeade, J.) (applying Texas law).

[45] Doc. 46 at 16–25.

[46] *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 812 (Tex. 2012); *see also Cosgrove v. Cade*, 468 S.W.3d 32, 50 (Tex. 2015) ("[I]f there is one thing which more than another public policy requires it is that [people] of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts when entered into freely and voluntarily shall be held sacred and shall be enforced by Courts of justice. Therefore, you have this paramount public policy to consider—that you are not lightly to interfere with this freedom of contract." (quoting *Printing & Numerical Registering Co. v. Sampson*, 19 L. R-Eq. 462, 465 (1875))).

Texas's laws would deprive a litigant of a cause of action.[47] In fact, this is a feature, not a bug of choice-of-law provisions, as it has the intended effect "of preventing one party from getting to use the laws of all the excluded jurisdictions."[48] And as to the specific Minnesota statute at issue, multiple district courts have held that a party losing its cause of action under Minnesota state law does not trigger the "fundamental policy" exception to applying a mutually-agreed-to choice-of-law provision.[49]

Because neither of Texas law's two exceptions to applying a contractual choice-of-law provision applies, the Court will apply Texas law. And because all of Mission Technologies's claims arise under Minnesota law, the Court dismisses its claims.

### IV. Conclusion

The Court **GRANTS** ST's Motion to Dismiss. (Doc. 44). Accordingly, the Court **DISMISSES WITH PREJUDICE** all claims made in Mission Technologies' complaint.

**IT IS SO ORDERED** this 11th day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[47] *Demond v. Infiniti HR, LLC*, No. 3:17-CV-1322, 2018 WL 4145053, at *6–8 (N.D. Tex. Aug. 30, 2018) (Fitzwater, J.); *CK DFW Partners Ltd. v. City Kitchens, Inc.*, No. 3:06-CV-1598, 2007 WL 2381259, at *7 (N.D. Tex. Aug. 17, 2007) (Fitzwater, J.) (applying Texas law).

[48] *Haynsworth v. Lloyd's of London,* 933 F. Supp. 1315, 1323 (S.D. Tex. 1996) (applying Texas law).

[49] *Takeya USA Corp. v. PowerPlay Mktg. Grp., LLC*, No. 8:21-CV-00835, 2022 WL 17357781, at *11 (C.D. Cal. Sept. 1, 2022); *Q Holding Co. v. Repco, Inc.*, No. 5:17-CV-0445, 2017 WL 2787576, at *4 (N.D. Ohio June 28, 2017); *Triunfo, Inc. v. Glob. Graphic Res. LLC*, No. 2:18-CV-01913, 2021 WL 916918, at *5 (D. Nev. Mar. 10, 2021).